IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03233-MEH

JOHNNY LOPEZ,

    Plaintiff,

v.

SARA GONZALES,

    Defendant.

---

## ORDER GRANTING STAY OF DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Defendant's Motion to Stay Discovery [filed January 17, 2020; ECF 48]. The Court finds that further briefing will not materially assist the Court in adjudicating the motion. *See* D.C. Colo. LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). For the reasons that follow, the Court will grant the motion for a temporary stay of discovery in this case.

**I.    Background**

Plaintiff Johnny Lopez, proceeding pro se, is an inmate of the Colorado Department of Corrections ("CDOC"), who was incarcerated in the Arkansas Valley Correctional Facility ("ACVF") during the relevant time period alleged in his Second Amended Complaint. *See* ECF 26. Plaintiff's remaining claim against Defendant in her individual capacity is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendant violated his Eighth Amendment rights by pointing him out to other inmates, which exposed him to danger of attack. *See id.* In response to the pleading, Defendant filed a motion to dismiss arguing, inter alia, that she is entitled to qualified immunity. At the same time, Defendant filed the present motion, requesting that discovery be stayed pending

resolution of her immunity defense.

## II.     Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

Here, the Defendant has raised the defense of qualified immunity in response to the operative complaint at an early stage of the litigation. In addition, discovery has not begun and Defendant's pending motion to dismiss, if granted, could fully dispose of Plaintiff's claim before the parties engage in the discovery process. *See Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007) ("good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party.").

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. First, while the Plaintiff may oppose Defendant's request for a stay, the Court finds a temporary stay at this early stage results in no actual prejudice to the Plaintiff here, where the Court will ensure that the parties have ample time to engage in discovery, if necessary, once the dispositive motion is resolved. Second, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings at this early stage of the litigation pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).

Furthermore, the Court agrees that the interest of judicial economy would be advanced by temporarily staying discovery pending a decision on the motion to dismiss. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("the court has considerable discretion over the timing of discovery"). Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The Court perceives minimal effect, if any, on the interests of non-parties or the public.

"A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Here, the Court concludes that consideration of the *String Cheese* factors applied to this case demonstrates a finding in favor of a temporary stay. Thus, in light of the foregoing and the governing case law cited herein, the Court concludes that a temporary stay of discovery as to the individual Defendant is appropriate in this matter, pending resolution of the motion to dismiss.

### III. Conclusion

Accordingly, for the reasons stated above, Defendant's Motion to Stay Discovery [filed January 17, 2020; ECF 48] is **granted**. Discovery in this case is temporarily stayed pending resolution of Defendant's motion to dismiss. The parties are directed to submit a status report within five days after the entry of the final order adjudicating the Motion to Dismiss.

SO ORDERED.

Dated at Denver, Colorado, this 27th day of January, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge